**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| H.A.,<br><br>    Plaintiff,<br><br>v.<br><br>DAYARAM V. PATEL,<br><br>    Defendant. | FILE NO.: 1:26-cv-02901-TWT |

**AFFIRMATIVE DEFENSES AND ANSWER OF
DEFENDANT TO COMPLAINT**

NOW COMES Defendant Dayaram V. Patel ("Defendant"), by and through

the undersigned counsel of record, and hereby files its Affirmative Defenses and

Answer to Plaintiff's Complaint as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action set forth therein, is barred in whole

or in part because the incidents alleged and all damages complained of, if any, were

caused by the superseding and/or intervening acts of third parties over whom

Defendant had no right of control. Thus, Plaintiff is not entitled to recover against

Defendant in any sum or manner whatsoever.

Page **1** of **31**

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in part because Defendant did not know and should not have known about the alleged sex trafficking of Plaintiff, and such acts were not foreseeable.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred by the avoidable consequences doctrine as set out in O.C.G.A. § 51-11-7.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred by the doctrine of laches in that Plaintiff unreasonably delayed in bringing this action against Defendant, and such delay substantially prejudiced Defendant.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in part because no act or omission on the part of Defendant causes or contributed to causing any damages alleged by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including third parties such as Plaintiff's

alleged traffickers, under the principles of proportionate responsibility, equitable allocation, recoupment, set-off, and/or comparative fault. In the event a finding is made that liability exists on the part of Defendant, Defendant is entitled to an allocation of liability and damages, indemnity, and/or contribution from other liable persons or entities in direct proportion to each party's respective fault. Defendant is entitled to a set-off for any settlement paid by any party or non-party, in satisfaction of the same damages for with the Plaintiff is suing.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action set forth therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff was under a duty to mitigate her alleged damages, if any, and alleges that Plaintiff did not reasonably or properly mitigate damages, and that Plaintiff's recovery therein, if any, is to be reduced by such sums as could have been mitigated, minimized, or avoided.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action set forth therein, is barred in whole or in part because Defendant owed no duty to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in part because, to the extent Defendant owed a duty to Plaintiff, Defendant did not breach said duty.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in party because, to the extent Defendant's agents or employees committed any of the alleged acts or omissions, it was outside the scope of authority conferred by Defendant and not ratified by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, fails to establish that Defendant acted with intentional and outrageous conduct, as required to justify the imposition of punitive damages under federal common law and Georgia law.

## THIRTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of Defendant's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article I of the Georgia Constitution because Georgia does not have sufficient procedural safeguards to ensure that the jury's discretion in awarding punitive damages is reasonably constrained. Therefore, any award of

punitive damages would be an excessive and arbitrary deprivation of property without due process of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of Defendant's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article I of the Georgia Constitution because such an award would be tantamount to a severe criminal penalty. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Georgia Constitutions.

## FIFTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of Defendant's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article I of the Georgia Constitution because Georgia law did not provide Defendant with notice that its activities might be subject to exemplary damages. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Georgia Constitutions.

## SIXTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of Defendant's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article I of the Georgia Constitution because Defendant's actions, as alleged, did not demonstrate the degree of reprehensibility necessary for an award of punitive damages. Such award would also violate Defendant's right to protection from "excessive fines" as provided in the Eight Amendment of the United State Constitution and Article 1, Section 1 of the Constitution of the State of Georgia. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Georgia Constitutions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

An award of punitive or exemplary damages in this action would constitute a violation of Defendant's right to due process of law under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and under paragraphs 1 and 2 of Article I of the Georgia Constitution because a less drastic remedy could achieve the desired result of future compliance with State law. Therefore, any award of punitive damages would violate Defendant's due process rights under the United States and Georgia Constitutions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in part by the applicable statute of limitations.

### NINTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, is barred in whole or in part by Plaintiff's failure to join all necessary and indispensable parties.

### TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because at all times relevant herein, Defendant exercised reasonable care and acted in accordance with or exceeded all applicable municipal, city, state, and federal statutory, regulatory and common law requirements, regulations, and standards.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The sole or partial legal cause of Plaintiff's damages, if any, was the willful and intentional acts of third parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions or other contributory or concurrent conditions or factors, including events that occurred before or after the occurrences that form the basis of the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

In response to Plaintiff's claims for punitive damages, Defendant incorporates by reference any and all standards of limitation regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and their progeny.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

`To the extent Plaintiff alleges that she was assaulted or victimized by a third party, the actions of the third party were intentionally and specifically directed to Plaintiff. As such, no action by Defendant could have precluded or prevented the actions of these third parties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

If discovery reveals that, at the time and place of the alleged incident(s), Plaintiff was attempting to commit a felony or was engaged in the commission of a felony on the property, Defendant would not owe Plaintiff the duty or duties alleged in the Complaint and further, Defendant would not be liable to Plaintiff for any damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant was not on notice or aware of any dangerous or unsafe condition or bad actor pertaining to the incident in question, and any alleged dangerous condition or bad actor was not discoverable through reasonable inspection. Accordingly, Defendant cannot be held liable, as a matter of law, for failing to take corrective action or warn off the bad actor or dangerous or unsafe condition alleged to have caused Plaintiff's damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover for any of her claims under theories of joint or collective causation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because Defendant did not knowingly facilitate the allegations in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Defendant has acted in good faith.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant did not derive any financial benefit, knowingly or otherwise, from the alleged participation of a sex trafficking venture.

## THIRTY-FIRST DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to state a claim against Defendant upon which relief can be granted.

## THIRTY-SECOND DEFENSE

There is no clear and convincing evidence that Defendant was guilty of willful, conscious and wanton indifference or that Defendant acted with knowing and/or reckless disregard for the rights, safety and welfare of the Plaintiff or the public, and, accordingly, Plaintiff is not entitled to recover punitive damages and/or attorneys' fees and expenses under O.C.G.A. § 13-6-11, 9-11-68, 9-15-14, and 18 U.S.C. § 1595(a).

## THIRTY-THIRD DEFENSE

Defendant expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

## THIRTY-FOURTH DEFENSE

Responding to the numbered paragraphs of the Complaint, Defendant states as follows:

1.

Defendant is without knowledge or information sufficient to form a belief regarding the circumstances around Plaintiff's alleged trafficking at the Airway Motel and therefore denies the same. Defendant also denies that he permitted or profited from sex trafficking, drug dealing and violent crime at the Airway Motel. Defendant denies the remaining allegations of Paragraph 1 of the Complaint.

2.

Defendant admits that he and his brother, Jayanti Patel (now deceased), owned and operated the Airway Motion, which was previously located at 720 Fulton Industrial Boulevard, NW, Atlanta, Georgia 30336 as a partnership in 2015. Defendant denies the remaining allegations of Paragraph 2 of the Complaint.

3.

Defendant denies the allegations of Paragraph 3 of the Complaint, as stated.

4.

Defendant denies the allegations of Paragraph 4 of the Complaint, and the subparagraphs thereto.

5.

Defendant denies the allegations set forth in Paragraph 5 of the Complaint.

6.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 6 of the Complaint, and the same are therefore denied.

7.

Defendant denies the allegations set forth in Paragraph 7 of the Complaint, and the subparagraphs thereto.

8.

Defendant states that Paragraph 8 of the Complaint does not set forth any factual allegations for which a response is required; however, to the extent a response is deemed required, Defendant denies said statements.

9.

Defendant states that Paragraph 9 of the Complaint calls for a legal conclusion for which no response is required; however, to the extent a response is deemed required, Defendant denies said allegations.

10.

Defendant admits that Plaintiff has brought this suit to recover money damages arising out sex trafficking that she was allegedly involved in at the motel.

Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 11 of the Complaint, and the same are therefore denied.

12.

Defendant admits that he and his brother, Jayanti Patel (now deceased), owned and operated the Airway Motion, which was previously located at 720 Fulton Industrial Boulevard, NW, Atlanta, Georgia 30336 as a partnership in 2015. Defendant denies the remaining allegations of Paragraph 12 of the Complaint.

13.

Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14.

Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 15 of the Complaint, and the same are therefore denied.

16.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 16 of the Complaint, and the same are therefore denied.

17.

To the extent allegations contained in Paragraph 17 of the Complaint are directed at Defendant, they are hereby denied. Responding further, Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 17, and the same are therefore denied.

18.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 18 of the Complaint, and the same are therefore denied.

19.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 19 of the Complaint, and the same are therefore denied.

20.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint, as stated.

22.

Defendant denies the allegations in Paragraph 22 of the Complaint that are directed at Defendant. Responding further, Defendant is without knowledge and information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 22, and the same are therefore denied.

23.

Defendant denies the allegations in Paragraph 23 of the Complaint that are directed at Defendant. Responding further, Defendant is without knowledge and information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 23, and the same are therefore denied.

24.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations in Paragraph 24 of the Complaint, and the same are therefore denied.

25.

Defendant denies the allegations in Paragraph 25 of the Complaint.

26.

Defendant denies the allegations in Paragraph 26 of the Complaint.

27.

Defendant denies the allegations in Paragraph 27 of the Complaint.

28.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 28 of the Complaint, and the same are therefore denied.

29.

Defendant denies the allegations in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations in Paragraph 32 of the Complaint.

33.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 33 of the Complaint, and the same are therefore denied.

34.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 34 of the Complaint, and the same are therefore denied.

35.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 35 of the Complaint, and the same are therefore denied.

36.

Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.

Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.

Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 42 of the Complaint, and the same are therefore denied.

43.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 43 of the Complaint, and the same are therefore denied.

44.

Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 45 of the Complaint, and the same are therefore denied.

46.

Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 47 of the Complaint, and the same are therefore denied.

48.

Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 49 of the Complaint, and the same are therefore denied.

50.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 50 of the Complaint, and the same are therefore denied.

51.

Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.

Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.

Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55.

Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.

Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58.

Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59.

Defendant is without knowledge and information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 59 of the Complaint, and the same are therefore denied.

60.

Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.

Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64.

Defendant denies the allegations set forth in Paragraph 64 of the Complaint, and the subparagraphs thereto, as stated.

65.

Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66.

Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67.

Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68.

Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.

Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.

Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.

Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

73.

Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

74.

Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75.

Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76.

Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77.

Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78.

Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79.

Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80.

Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

81.

Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82.

Defendant denies the allegations set forth in Paragraph 82 of the Complaint, and the subparagraphs thereto.

83.

Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.

Defendant denies the allegations set forth in Paragraph 84 of the Complaint, and the subparagraphs thereto.

85.

Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86.

Defendant incorporates his affirmative defenses and responses to the numbered paragraphs of the Complaint as set forth above.

87.

Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88.

Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89.

Defendant denies the allegations set forth in Paragraph 89 of the Complaint.

90.

Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91.

Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92.

Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

93.

Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94.

Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95.

Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.

Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

97.

Defendant denies the allegations set forth in Paragraph 97 of the Complaint.

98.

Defendant incorporates its affirmative defenses and responses to the numbered paragraphs of the Complaint as set forth above.

99.

Defendant is without knowledge and information sufficient to form a belief regarding the allegations set forth in Paragraph 99 of the Complaint, and the same are therefore denied.

100.

Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101.

Defendant denies the allegations set forth in Paragraph 101 of the Complaint.

102.

Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103.

Defendant denies the allegations set forth in Paragraph 103 of the Complaint.

104.

Defendant incorporates his affirmative defenses and responses to the numbered paragraphs of the Complaint as set forth above.

105.

Defendant states that Paragraph 105 of the Complaint is a statement of law for which no response is required; however, to the extent a response is deemed required, Defendant denies said allegations to the extent they are inconsistent with existing Georgia law.

106.

Defendant states that Paragraph 106 of the Complaint is a statement of law for which no response is required; however, to the extent a response is deemed required, Defendant denies said allegations to the extent they are inconsistent with existing Georgia law.

107.

Defendant states that Paragraph 107 of the Complaint is a statement of law for which no response is required; however, to the extent a response is deemed required, Defendant denies said allegations to the extent they are inconsistent with existing Georgia law.

108.

Defendant states that Paragraph 108 of the Complaint is a statement of law for which no response is required; however, to the extent a response is deemed required, Defendant denies said allegations to the extent they are inconsistent with existing Georgia law.

109.

Defendant denies the allegations set forth in Paragraph 109 of the Complaint.

110.

Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111.

Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

112.

Defendant denies that he permitted prostitution and sex trafficking at the Airway Motel. Defendant denies the remaining allegations set forth in Paragraph 112 of the Complaint.

113.

Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

114.

The allegations in Paragraph 114 state a legal conclusion to which no response is required; to the extent a response is required, Defendant denies the allegations set forth in Paragraph 114 of the Complaint.

115.

Defendant denies that he allowed prostitution and sex trafficking at the Airway Motel. Defendant denies the remaining allegations set forth in Paragraph 115 of the Complaint.

116.

Defendant denies that he permitted prostitution and sex trafficking at the Airway Motel. Defendant denies the remaining allegations set forth in Paragraph 116 of the Complaint.

117.

Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

118.

Defendant incorporates his affirmative defenses and responses to the numbered paragraphs of the Complaint as set forth above.

119.

Defendant denies that he has violated the TVPRA or Georgia law. Defendant denies the remaining allegations set forth in Paragraph 119 of the Complaint, and the subparagraphs thereto.

120.

Defendant denies the allegations set forth in Paragraph 120 of the Complaint.

121.

Defendant denies the allegations set forth in Paragraph 121 of the Complaint.

122.

Except for items a) (issuance of process) and d) (trial by a jury), Defendant denies that Plaintiff is entitled to the relief requested from him in the WHEREFORE paragraph. Any other allegations not admitted or otherwise responded to herein are denied.

WHEREFORE, Defendant respectfully requests:

1) A trial by jury on all issues so triable;

2)  A judgment in favor of Defendant; and,

3)  All other relief this Court deems just and appropriate under the circumstances.

Respectfully submitted this 2nd day of July, 2026.

CLYDE & CO US LLP

*/s/ John C. Patton*_____
John C. Patton
Georgia Bar No. 567232
Taylor Pernini
Georgia Bar No. 835142
CLYDE & CO US LLP
271 17th Street NW, Suite 1720
Atlanta, GA 30363
Tel: (404) 410-3150
E: Jay.Patton@clydeco.us
E: Taylor.Pernini@clydeco.com

Alison Beanum
*Pro Hac Vice forthcoming*
Christina Hoffman
*Pro Hac Vice forthcoming*
355 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 358-7600
E: Alison.Beanum@clydeco.us
E: Christina.Hoffman@clydeco.us

***Attorneys for Defendant***

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

As required by Local Rule 7.1, the undersigned hereby certifies that the foregoing document, *Affirmative Defenses and Answer of Defendant to Complaint,* has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

Dated: July 2, 2026

*/s/ John C. Patton*
John C. Patton
Georgia Bar No. 567232
CLYDE & CO US LLP
271 17th Street, Suite 1720
Atlanta, Georgia 30363
Tel: 404.410.3150
EM: Jay.Patton@clydeco.us

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the forgoing document, *Affirmative Defenses and Answer of Defendant to Complaint*, using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Dated: July 2, 2026

/s/ John C. Patton
John C. Patton
Georgia Bar No. 567232
CLYDE & CO US LLP
271 17th Street, Suite 1720
Atlanta, Georgia 30363
Tel: 404.410.3150
EM: Jay.Patton@clydeco.us

*Counsel for Defendant*