IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

H.A.,

     Plaintiff,

v.

DAYARAM V. PATEL,

     Defendant.

CIVIL ACTION FILE NO.
1:26-CV-2901

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.    **Description of Case:**

(a)   Describe briefly the nature of this action.

This case arises from allegations that Plaintiff was trafficked for sex for approximately one (1) month beginning in late July 2015 at the Airway Motel, which was located at 720 Fulton Industrial Boulevard, N.W., Atlanta, Georgia 30336 (the "Airway Motel"). Plaintiff asserts statutory claims against Defendant pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595; and Masha's Law, 18 U.S.C. § 2235. Plaintiff also asserts claims against Defendant based on the theory of public nuisance. Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks attorneys' fees pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14, and 18 U.S.C. § 1595(a).

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

As stated above, this matter arises out of allegations that Plaintiff suffered damages resulting from being trafficked for sex by her trafficker at the Airway Motel for approximately one (1) month beginning in late July 2015. Plaintiff has sued Defendant as the owner/operator of the Airway Motel. Defendant denies all allegations of wrongdoing and any related liability in response to Plaintiff's allegations.

(c)    The legal issues to be tried are as follows:

**By Plaintiff:** Whether Defendant is liable to Plaintiff, and if so, for what amount of damages, under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and/or Masha's Law, 18 U.S.C. § 2235, and/or for a public nuisance. And, whether Defendant is liable to Plaintiff, and if so, for what amount of damages, for punitive damages and attorneys' fees pursuant to O.C.G.A. §§ 13-6-11 and 9-15-14, and 18 U.S.C. § 1595(a).

**By Defendant:**

   A. <u>**Threshold Issues**</u>

      (1) Are any portion of Plaintiff's claims against Defendant barred by the applicable statute of limitations; and,

(2) Whether Plaintiff was trafficked for sex at the Airway Motel from late July 2015 through late August 2015;

**B. <u>Plaintiff's Sex Trafficking Claim under 18 U.S.C. § 1595(a)</u>**

(3) Whether Plaintiff was a victim of sex trafficking as defined by 18 U.S.C. 1591 while at the Airway Motel between late July, 2015 and late August, 2015;

(4) If Plaintiff was a victim of sex trafficking as defined by Federal law while at the Airway Motel between late July, 2015 and late August, 2015, then whether Defendant knowingly benefitted, or attempted to or conspired to benefit, financially or by receiving anything of value, from participation in a venture which Defendant knew or should have known involved a violation 18 U.S.C. 1591; and,

(5) If Plaintiff was a victim of sex trafficking as defined by Federal law while at the Airway Motel, and if Defendant knowingly benefited, from participation in a venture or scheme which Defendant knew or should have known involved a violation of 18 U.S.C. 1591, then whether Defendant's participation in said venture proximately caused damages to Plaintiff;

## C. **Plaintiff's Sex Trafficking Claim under 18 U.S.C. § 2255**

(6) Whether Plaintiff was a victim of sex trafficking as defined by 18 U.S.C. section 2255 while at the Airway Motel between late July 2015 and late August 2015;

(7) If Plaintiff was a victim of sex trafficking as defined by 18 U.S.C. section 2255 while at the Airway Motion between late July 2015 and late August 2015, then whether Plaintiff was a minor at any time during that time frame;

(8) If Plaintiff was a minor and a victim of sex trafficking as defined by Federal law while at the Airway Motel between late July, 2015 and late August, 2015, then whether Defendant knowingly benefitted, or attempted to or conspired to benefit, financially or by receiving anything of value, from participation in a venture which Defendant knew or should have known involved a violation 18 U.S.C. 1591; and,

(9) If Plaintiff was a minor and a victim of sex trafficking as defined by Federal law while at the Airway Motel, and if Defendant knowingly benefited, from participation in a venture or scheme which Defendant knew or should have known involved a violation of 18 U.S.C. section 1591, then whether Defendant's participation

in said venture proximately caused damages to Plaintiff under 18 U.S.C. section 2255;

### D. Plaintiff's Public Nuisance Claim

(10)   Whether sex trafficking was occurring at the Airway Motel during the time frame alleged by Plaintiff, i.e. late July, 2015 through late August, 2015;

(11)   If sex trafficking was occurring at the Airway Motel during the time frame alleged by Plaintiff, whether said trafficking constitutes a "public nuisance" under Georgia law;

(12)   If sex trafficking that amounted to a public nuisance was occurring at Airway Motel during the time frame alleged by Plaintiff, whether Defendant was the cause or concurrent cause of the creation, continuance, or maintenance of the purported nuisance; and,

(13)   If Defendant was the cause or concurrent cause of the creation, continuance, or maintenance of the purported sex trafficking nuisance alleged to have occurred on the Airway Motel, whether said nuisance proximately caused any damages to Plaintiff.

## E. **Damages**

(14)   If it is determined that Defendant proximately caused Plaintiff damages under one or more of the above referenced causes of action, then the amount of compensatory damages, if any, to which Plaintiff is entitled;

(15)   If it is determined that Defendant proximately caused Plaintiff damages under one or more of the above referenced causes of action, then whether Plaintiff has presented clear and convincing evidence of willful misconduct, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences on the part of Defendant that entitles Plaintiff to an award of punitive damages;

(16)   If it is determined that Plaintiff has presented clear and convincing evidence of willful misconduct, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences on the part of Defendant that entitles Plaintiff to an award of punitive damages, then the amount of punitive damages, if any, to which Plaintiff is entitled;

(17)   If it is determined that Defendant proximately caused Plaintiff damages under one or more of the above referenced causes of action, then whether Plaintiff is entitled to an award of attorney's fees and expenses under O.C.G.A. §§ 13-6-11, 9-15-14, or 18 U.S.C. § 1595(a);

(18)   If it is determined that Plaintiff is entitled to an award of attorneys' fees and expenses under O.C.G.A. §§ 13-6-11, 9-15-14, or 18 U.S.C. § 1595(a), then the amount of such fees and expenses, if any, to which Plaintiff is entitled.

(d)   The cases listed below (include both style and action number) are:

(1)   Pending Related Cases: None.

(2)   Previously Adjudicated Related Cases: The parties believe reasonable minds could differ as to what constitutes a "related case" but identify the following case out of an abundance of caution: *A.G. and H.H. v Dayaram V. Patel*, Case No. 1:23-CV-00145-JPB, United States District Court for the Northern District of Georgia.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

**Plaintiff:**

    _____ (1)       Unusually large number of parties

    _____ (2)       Unusually large number of claims or defenses

    _____(3)       Factual issues are exceptionally complex

    _____(4)       Greater than normal volume of evidence

    _____(5)       Extended discovery period is needed

    \_\_X\_(6)       Problems locating or preserving evidence

    _____ (7)       Pending parallel investigations or action by government

    _____(8)       Multiple use of experts

**Defendant:**

    _____ (1)       Unusually large number of parties

    _____ (2)       Unusually large number of claims or defenses

    \_\_X\_(3)       Factual issues are exceptionally complex

    _____(4)       Greater than normal volume of evidence

    \_\_X\_(5)       Extended discovery period is needed

    \_\_X\_(6)       Problems locating or preserving evidence

    _____ (7)       Pending parallel investigations or action by government

    \_\_X\_(8)       Multiple use of experts

_____ (9)    Need for discovery outside United States boundaries

_____ (10)    Existence of highly technical issues and proof

_____ (11)    Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

Tyler Dillard
Andersen, Tate, & Carr
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
T: 770.822.0900
EM: tdillard@atclaw.com

Defendant:

John C. Patton
Clyde & Co US LLP
271 17th Street NW, Suite 1720
Atlanta, GA 30363
T: 404.410.3150
EM: Jay.Patton@clydeco.us

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

(_) Yes      (X) No

If "yes," please attach a statement not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

**Response:** Defendant reserves the right to assert the fault of non-parties as allowed by Georgia law and further reserves the right to assert claims against third-parties as discovery and litigation progress and these issues come to light.

(b)    The following persons are improperly joined as parties:

**Response:** Not applicable.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**Response:** Not applicable.

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Response:** None.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8.    **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**Response:** The parties agree to exchange initial disclosures on or before <u>August 3, 2026</u>.

9.    **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Response:** The Parties do not request a scheduling conference currently.

10.    **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed.

**Response:** The parties anticipate that discovery will be needed on the topics listed below by each party; however, the parties note that this list is not exhaustive and recognize that other topics will likely arise through the normal course of discovery:

Please state below the subjects on which discovery may be needed:

**By Plaintiff:**

- Defendant's ownership, operation, and knowledge of the subject motel, including at all times before, during and after Plaintiff's trafficking.

**By Defendant:**

- All background information on Plaintiff and any individuals or entities alleged to be involved in the subject matter of the Complaint, to include Plaintiff's

educational, health, mental health, employment, and law enforcement/court records;

- Plaintiff's relationships with other alleged trafficking victims and alleged traffickers and their associates;

- Plaintiff's whereabouts and activities before, during, and after the alleged periods of trafficking and tortious activity;

- Plaintiff's alleged damages and causation and extent of same.

- Any other entities or individuals who may be involved in the alleged trafficking of Plaintiff or other alleged tortious activity;

- Plaintiff's social media and/or internet presence before, during and after the alleged periods of trafficking and tortious activity, as well as that of Plaintiff's associates and/or their alleged traffickers (which may involve ESI); and

- Any other area of discovery that becomes relevant to Plaintiff's claims and Defendant's defenses as discovery progresses.

Other issues may arise as discovery proceeds. Accordingly, these categories are not exhaustive, and the parties are free to seek any discovery that is proper under the Federal Rules of Civil Procedure.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Page **13** of **19**

**Response:** Given the delays typically associated with subpoenas to government sources, and the difficulty in tracking down a substantial number of third-party witnesses (some of whom may only be known by certain parties by aliases or nicknames) and former employees from an incident that allegedly occurred over 10 years ago, and deposing same, **the parties request an eight (8) month discovery period.**

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:** The parties agree to raise the number of depositions (not including specially retained experts) that each party may take up to **10 depositions** per side to avoid requesting additional depositions as the case progresses; however, both parties agree that additional "fact" depositions may be necessary given the complexity of the subject case and the time period in which Plaintiff's claims occurred. The parties will meet and confer to discuss possible additional deposition allocations as the case and discovery process progresses.

The Parties hereby agree and stipulate that discovery requests and responses as between the Parties may be **served** in the method allowed under Georgia law O.C.G.A. § 9-11-5 such that paper copies of discovery need not be mailed and that the Parties may instead email discovery requests and responses with the email

subject line "STATUTORY ELECTRONIC SERVICE" to all counsel of record for the Parties and file a certificate with the Court.

(b) Is any party seeking discovery of electronically stored information?

(X) Yes (_) No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Response:** The parties have agreed to work together regarding the production of electronically stored information.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Response:** Whenever practically possible, the parties agree to produce electronically stored information in either a native format or a searchable PDF format where said production will not compromise the readability of the document produced. To the extent that production of electronically stored information in native format or a searchable PDF format will compromise the readability of the document produced, the parties will meet and confer to discuss alternative methods of production.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Response:** At this time, the Parties anticipate that a confidentiality order may be appropriate, because of the sensitive nature of the information being exchanged.

**13.    Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

(_)Yes  (X) No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**Response:** Not applicable.

**14.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **July 14, 2026**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): */s/ Tyler Dillard*

Other participants: Not Applicable

For defendant: Lead counsel (signature): */s/ John C. Patton*

Other participants: <u>Christina Hoffman and Taylor Pernini</u>

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(X) A possibility of settlement before discovery.
(X) A possibility of settlement after discovery.
(_) A possibility of settlement, but a conference with the judge is needed.
(_) No possibility of settlement.

(c)    Counsel (X) do or (_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference will be agreed to by counsel as their communication and conversations regarding settlement are ongoing.

(d)    The following specific problems have created a hindrance to settlement of this case.

**Response:** None currently.

## 15.    Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this __ day of, ____ 20___.

(b)    The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 28th day of July, 2026.

**Anderson, Tate & Carr, P.C.**               **Clyde & Co US LLP**

*/s/ Tyler Dillard*                            */s/ John C. Patton*
Patrick J. McDonough                           John C. Patton
Georgia Bar No. 489855                         Georgia Bar No. 576232

Tyler Dillard
Georgia Bar No. 115229
Jonathan S. Tonge
Georgia Bar No. 303999
Jennifer M. Webster
Georgia Bar No. 760381
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Tel: (770) 822-0900
EM: pmcdonough@aclawfirm.com
EM: tdillard@atclawfirm.com
EM: jtonge@atclawfirm.com
EM: jwebster@atclawfirm.com

*Attorneys for Plaintiff*

Taylor E. Pernini
Georgia Bar No. 835142
271 17th Street NW, Suite 1720
Atlanta, GA 30363
Tel: (404) 410-3150
E: Jay.Patton@clydeco.us
E: Taylor.Pernini@clydeco.com

Alison Beanum
*Pro Hac Vice forthcoming*
Christina Hoffman
*Pro Hac Vice forthcoming*
355 South Grand Avenue
Los Angeles, CA 90071
Tel: (213) 358-7600
E: Alison.Beanum@clydeco.us
E: Christina.Hoffman@clydeco.us

*Attorneys for Defendant*

*************

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified:

The close of discovery shall be March 2, 2027. The Consolidated Pre-Trial Order shall be filed on or before April 2, 2027, or within thirty (30) days after entry of the Court's ruling on any pending motions for summary judgment, whichever is later.

IT IS SO ORDERED, this _____ day of _____, 2026.

_____
JUDGE THOMAS W. THRASH, Jr.
UNITED STATES DISTRICT JUDGE